IGNATZ KOSTRON, EMPLOYEE, RESPONDENT, v. AMERICAN PACKING COMPANY, EMPLOYER, AND T. H. MASTIN AND COMPANY, INSURER, APPELLANTS.—45 S. W. (2d) 871.

St. Louis Court of Appeals. Opinion filed February 2, 1932.

*N. W. Hartman* and *Fordyce, Holliday & White* for appellants.

*L. L. Bornschein* for respondent.

NIPPER, J.—This is an appeal from the judgment of the circuit court of the City of St. Louis, reversing and remanding the final award of the Workmen's Compensation Commission, in favor of the American Packing Company, employer, and T. H. Mastin and Company, insurer, against Ignatz Kostron, employee, for personal injuries resulting from an accident which occurred to plaintiff on June 29, 1929, while he was engaged in working for said employer at its plant located in St. Louis, Missouri.

Plaintiff, on said date, was employed as a laborer by the American Packing Company, and while pulling a hand truck said truck broke through a wooden runway over which it was being drawn by plaintiff, and while he was in the act of removing this truck he sustained an injury to his back and left groin.

The defense is that the employee did not file his claim for compensation within six months from the date of his injury, and that he is therefore barred from recovery. The Commission sustained this contention of defendant, and the circuit court reversed the action of the Commission, on the ground that by reason of certain facts the Statute of Limitations had been tolled, and that the Commission acted without and in excess of its powers. It becomes necessary, therefore, to state the facts as revealed by this record, which facts are practically undisputed.

On the 29th of June, 1929, as above stated, after this truck which plaintiff was pulling had broken through the runway, and while he was endeavoring to pull it out, he noticed a pain in his back. This pain extended around and down to the front. He told his fellow employee, who was working with him, about it. The fellow worker, Straub, advised him to see a doctor. Plaintiff continued with this work, just as he had been doing, for three or four days, and then went into the office and was sent by some one in the office to see a doctor. Until that time plaintiff had made no complaint to anybody except Straub, who was working with him.

This doctor named Kilker told him that he had a little strain and gave him some salve and pills, and told him to come back. When he came back the doctor asked him how he felt, and he informed the doctor that when he lifted anything he felt pain, and the doctor gave him some more medicine. He went to the doctor four or five times. He said this pain bothered him a little bit after that, but that he continued doing the same kind of work that he had been doing, except that he did not lift as much. The doctor told him that he could go ahead with his work, but to take it a little easy. Plaintiff lost no time, and continued doing the same character of work he had been doing until October 22nd, following, when he was forced to quit work, and remained home until about the 3rd of March, 1930. On the 8th of July, following the accident, the company sent notice to the Workmen's Compensation Commission. A claim for compensation was filed on April 16, 1930.

Dr. Kilker, to whom plaintiff was first sent, testified that upon examination of plaintiff he found no objective symptoms; that he treated plaintiff for pain he complained of in the left lower abdominal region; that he treated him five times during the month of July; that the region in which plaintiff complained of pain was over the muscular region between the ring and the midline of the body; that there was no discoloration. He also stated, when asked if there was anything in plaintiff's condition on any of his visits in July when he treated him, that would give any indication of a condition that would so increase in severity that it would cause plaintiff to lose time in October, that there was not, and if there had been, or had he considered there was, he would have had him to lay off at the time. He said he did not consider plaintiff's condition such that disability was warranted, or the losing of time.

When plaintiff became suddenly disabled on October 22nd, and went home, he sent for his own physician, Dr. Schwer. This doctor testified that plaintiff's disability would occur by reason of such an accident which he claimed he suffered. He diagnosed plaintiff's trouble as lacerations of the serratus magnus and pectineus muscles and the genitocrural nerve.

In our opinion, the only question presented on appeal is whether or not plaintiff's claim was filed within six months from the time it became reasonably discoverable and apparent that a compensable injury had been sustained.

It is now the settled law in this State that the Statute of Limitations does not begin to run until a compensable injury has been received, and that there is a distinction between an accident and an injury. The injury is not the accident, but the result of the accident. If the result is delayed, the injury is delayed. An accident might occur under such circumstances as to produce a latent and progressive condition, but showing no bad effects at the time, and later culminate in a compensable injury.

We appreciate the fact that the finding of the Commission has the same force and effect as the verdict of the jury, and we are not authorized to disturb such finding if there are any substantial facts to support the same. The principal facts in this case, as stated, are undisputed, and we are called upon to determine whether or not under the conceded facts plaintiff could reasonably discover, and whether or not it was reasonably apparent, that a compensable injury was sustained on June 29th, or any time during July, when he was visiting the doctor; or was the discovery on October 22nd, of his true condition a reasonable discovery, and can it be said that no compensable injury was sustained prior to that date. We are of the opinion that under the facts of this case plaintiff sustained no compensable injury on June 29th which could be reasonably ascertained. He evidently treated it as a trivial matter. He never ceased his work at any time, nor made any complaint to any one except his fellow workman. He never asked to see a doctor, but was asked by his fellow worker, Straub, to go and see one. He was sent by the company to a doctor of their choosing, which doctor told him to go ahead with his work, but take it a little easy. This same doctor also testified that he did not consider plaintiff's condition such that disability was warranted, or that the losing of any time was justified.

A case in which this question is fairly discussed is that of Wheeler v. Missouri Pacific R. Co., 328 Mo. 888, 422 S. W. (2d) 579. In that case the claimant, while driving a spike into a railroad tie in defendant's railroad yards, received an injury to his eye when some piece of something flew into it. His eye pained him at the time of the accident. He worked the remaining thirty minutes until quitting time, and then went home. He tried to see a doctor that night, and the next day did call upon a doctor. He called on this doctor twice a day for about a month, and the doctor then took the bandage off. The claimant stated in that case that immediately after the accident he could not see sufficient to tell what anything was out of that eye, and that it was still in the same condition to a large extent when he

removed the bandage. Claimant quit work on the day of the accident, and was out of employment for two months, and within ninety days had practically lost the sight of this eye. After the bandage was removed by the doctor, he settled with the claim agent of defendant for fifty dollars.

In that case the Supreme Court, affirming the action of the Kansas City Court of Appeals, held that claimant received a compensable injury at the time of the accident.

We do not think there is anything in that case which opposes our views here. In this case claimant evidently considered his accident a trivial matter. He never lost an hour's work so far as this record discloses until the 22nd of October. While he consulted a doctor, he was sent there by his employer. Neither the claimant nor the doctor considered the accident more than a mere slight temporary injury, and while the employer reported the accident on July 8th to the Compensation Commission, yet in our opinion it was not reasonably ascertainable to claimant that he had suffered a compensable injury prior to October 22, 1929; and the claim having been filed within six months from that date, the Workmen's Compensation Commission clearly had jurisdiction, and the right to determine the case upon the facts and its merits.

The trial judge reversed and remanded this case upon the grounds that the Statute of Limitations had been tolled, on the ground that the Compensation Commission failed to forward to the employee or his dependents notice of an agreement to accept compensation and failed to assist the claimant in filing his claim and securing an early adjudication thereof. We cannot agree that the grounds stated by the trial court justify his action, but it was justified on the grounds set out in this opinion, and for that reason should be sustained. The judgment of the trial court in reversing and remanding the cause to the Workmen's Compensation Commission is affirmed. *Haid, P. J.,* and *Becker, J.,* concur.