## HALLSTROM v. INDUSTRIAL COMMISSION
## OF UTAH et al.

No. 6042.   Decided November 4, 1938.   (83 P. 2d 730.)

Rehearing denied December 19, 1938.

*A. R. Barnes* and *L. B. Wight,* both of Salt Lake City, for claimant.

*Joseph Chez,* Atty. Gen., *Grover A. Giles,* Deputy Atty. Gen., and *F. A. Trottier,* of Salt Lake City, for respondents.

FOLLAND, Chief Justice.

On March 8, 1938, Plaintiff Hallstrom filed a written application with the Industrial Commission of Utah for compensation, claiming that he had sustained a certain degree of permanent disability as a result of an accidental

injury received in 1931. At that time Hallstrom was employed as a deputy warden in the State Fish and Game Department. On April 20, 1931, while working at cleaning some ponds, Hallstrom stumbled over a stick and received an injury to his ankle. He consulted Dr. T. A. Dannenburg of Heber, Utah, and received treatment for an injury to his left ankle. Nothing was said of any pain or injury to the left hip. Hallstrom continued his work and was paid his regular salary. Therefore, the compensation awarded was turned over to the Fish & Game Department. Dr. Dannenburg was paid for his medical services by the State Insurance Fund.

According to plaintiff's own testimony at the hearing on this petition, he noticed some pain in his left hip a month or so after the injury. This pain continued, and his left leg seemed to get shorter. About a year after the accident, it became necessary to have a special shoe made for the left foot because it was about an inch shorter than the right. However, no claim was made for compensation. About this time plaintiff was released from his employment with the Fish and Game Department.

Nothing was done about the continued pain in the hip until February, 1938 when x-ray pictures were taken. These showed a degeneration in the left hip which "could be caused by an old fracture or they could be caused by a disease called Perthe's disease."

The first question to be determined is whether plaintiff's application for compensation was filed within the statutory period. Plaintiff asserts that the statute did not commence to run until he discovered that he might be entitled to compensation for the injury to his hip. This discovery was made shortly before the X-ray pictures were taken. Plaintiff claims that as long as he was unaware that he might be entitled to compensation the statute did not run. He relies on the recent decision of this court in *Salt Lake City* v. *Industrial Commission,* 93 Utah 510, 74

P. 2d 657 to support his argument. The decision in that case held that the statute did not begin to run until there was a disability. The disability, or compensable injury as it is sometimes called, gives rise to a duty to pay compensation if the disabled person is entitled to compensation at all. It is not necessary in this case to determine at what stage of the disability the statute would commence inasmuch as the evidence is conclusive that the disability complained of was apparent more than three years before application for compensation was made. According to plaintiff's own testimony he became aware of pain in his left hip soon after the accident. He testified that this pain continued and his left leg commenced to get shorter until it became necessary to have a special shoe made for his left foot. This occurred back in 1932, and the application was not made for compensation until March, 1938. The mere fact that an applicant does not deduce from an apparent physical infirmity the conclusion that it came from a former accident occurring in industry does not prevent the statute from running.

Plaintiff also relies on two other cases: *Kostron* v. *American Packing Co.*, 227 Mo. App. 34, 45 S. W. 2d 871, and *S. G. Taylor Chain Co.* v. *Marianowski*, 95 Ind. App. 120, 182 N. E. 584. In both of these cases it was held that the statute commenced to run from the time there was a "compensable injury." Here the compensable injury, if any, existed in 1932.

It follows that the order of the Industrial Commission denying compensation should be affirmed.

HANSON, MOFFAT, WOLFE, and LARSON, JJ., concur.