## EDWARDS v. INDUSTRIAL COMMISSION et al.

No. 7089.   Decided February 4, 1948.   (189 P. 2d 124.)

See 71 C. J., Workmen's Compensation Acts, sec. 391. Construction and application of provisions of workmen's compensation acts regarding allowance for aggravation of injury from same accident after time limited for filing claim, see note, 105 A. L. R. 971. See, also, 114 Id. 1337.

*Willard Y. Morris,* of Salt Lake City, for plaintiff.

*Shirley P. Jones,* of Salt Lake City, and *Grover A. Giles,* Atty. Gen., for defendants.

PER CURIAM.

On writ of certiorari, plaintiff, widow of Samuel Edwards, seeks to have this court determine the lawfulness of the decision of the Industrial Commission denying her applica-

tion for compensation for the death of her husband and for benefits allegedly owing to him prior to death.

Defendants moved to quash the writ and to dismiss the petition for writ of certiorari on the ground that plaintiff failed to petition for rehearing as required by Sec. 42-1-76, U. C. A. 1943, before applying to this court for the writ. The original decision of the Commission was against the plaintiff. After its rendition, plaintiff filed an application for rehearing which application the Commission granted. Upon rehearing, the Commission adhered to its original decision, and plaintiff applied to this court for certiorari without any further application for rehearing before the Commission. Heretofore we denied defendants' motion to quash the writ and to dismiss the petition, and now state our reason for reaching such conclusion.

In support of their motion, defendants cited *Carter* v. *Industrial Comm.*, 76 Utah 520, 537, 539, 290 P. 776. That case holds that when an aggrieved party who has been granted a rehearing, receives an adverse decision thereon, and he files a subsequent application for further rehearing timely, the Commission has jurisdiction to entertain such second application; and that the Commission has discretion to grant or to deny the second application. The case does not hold that a party who has been granted a rehearing must file a second application when the decision on rehearing in substance is the same as the order made on the original hearing. When a party against whom a decision is rendered, files an application for rehearing timely, the requirement of Sec. 42-1-76 has been met. While such party has the privilege of applying for a subsequent rehearing, he is not compelled to do so in order to exhaust his administrative remedy as a condition precedent to petitioning this court for writ of certiorari. The statute, Sec. 42-1-77, U. C. A. 1943, construction of which is here required, reads as follows:

"Within thirty days after notice that the application for a rehearing is denied, or, if the application is granted within thirty days after notice of the rendition of the decision on the rehearing, any party

including the commission of finance affected thereby may apply to the supreme court for a writ of certiorari for the purpose of having the lawfulness of the original award or the award on rehearing inquired into and determined."

Thereby it is specifically provided that if an application for rehearing granted any party affected by the order made upon rehearing may, within 30 days after rendition of the decision on rehearing, apply to the Supreme Court for the writ. Thus, having once made application for rehearing before the Commission, the plaintiff in this case was not required to petition again for rehearing.

The procedural matter being disposed of we proceed to a consideration of the merits. Samuel Edwards during his lifetime worked for Tintic Standard Mining 'Company at Eureka, Utah. On July 23, 1934, while pushing an ore car Edwards slipped and sustained a right inguinal hernia. This accident and injury was reported and the employer assumed full responsibility. Edwards was operated upon for the hernia and it was repaired. On November 14, 1935, while using a wrench to adjust a shaker bar Edwards again sustained injury and the old hernia recurred. Again the employer assumed responsibility and Edwards received medical care at Company expense and was paid compensation during his period of disability. An operation was not performed after the 1935 accident until November 3, 1938. The operation was not entirely successful and when Mr. Edwards returned to work December 27, 1938, he had a small lump at the lower part of the incision. This lump grew until by November 13, 1939, it was diagnosed as a recurrence of the hernia. On December 1, 1941, Edwards, at his own request, underwent another operation for the hernia, and on December 23, 1941, he died from what was diagnosed as probable pulmonary embolism. His widow filed her application for adjustment of claim on January 21, 1942.

The Commission's first hearing was held May 19, 1942. A decision denying compensation was rendered September 12, 1942. On December 3, 1942, a rehearing was granted.

The rehearing was not held until May 22, 1947. A decision was rendered July 1, 1947, which also denied compensation to the applicant.

The commission in its original decision held that section 42-1-64, R. S. U., 1933, as amended in Chapt. 51, Laws of 1939, Sec. 42-1-64, U. C. A. 1943, barred recovery by applicant. The pertinent parts of that section are as follows:

"In case injury causes death within the period of three years, the employer or insurance carrier shall pay the burial expenses of the deceased as provided herein, and further benefits in the amounts and to the persons as follows:

\* \* \* \* \*

"(2) If there are wholly dependent persons at the time of the death, the payment shall be 60 per cent of the average weekly wage, but not to exceed a maximum of $16 per week, plus 10 per cent of said award for each dependent minor child under the age of eighteen years, up to and including five such dependent minor children, to continue for the remainder of the period between the date of the death and six years after the date of the injury, and shall not amount to more than a maximum of $7,500 or less than a minimum of $2,000."

In addition to the injuries of 1934 and 1935, the applicant alleges that Edwards suffered an accident and injury in January of 1939, which arose out of or in the course of his employment. It was virtually conceded that section 42-1-64 bars recovery for death caused by injuries which were received prior to December 23, 1938. The Commission found that the latest injury which Edwards suffered was on November 14, 1935.

The applicant testified that her husband, Sam Edwards, told her that about four weeks after he returned to work on December 27, 1938, he slipped on the steps of the company office and strained his side. Ambrose Nord, chief clerk of the company and a friend of Edwards, testified that during a friendly conversation with Edwards, the latter mentioned a new strain or injury sometime after January 13, 1939. Nord, however, was uncertain about the date of the conversation with Edwards, saying that it may have occurred in the spring of 1940 or 1941.

Dr. Wellington R. Robinson gave testimony which tended to show that the latest injury suffered by Edwards was sustained in 1935. Dr. Robinson testified that he examined Edwards at Eureka on November 13, 1939. At that time the hernia had recurred, and Edwards told him that he had not been hurt since his operation in November 1938. The doctor made a note on the examination report that Edwards "is certain however that there was no additional injury." The deceased during his lifetime did not report any accident and injury to his employer after the operation of November 3, 1938. On this evidence the decision of the Commission on rehearing,

"that the death of the deceased was not due to nor caused by an accidental injury to the deceased arising out of or in the course of employment during January 1939,"

is reasonable.

In the alternative, the applicant argues that even though no accident and injury occurred to Edwards after November 14, 1935, nevertheless the claim of Mrs. Edwards is not barred by section 42-1-64 because the word "injury" as used in the first paragraph of section 42-1-64 means "compensable injury" and decedent's latest injury did not become compensable until the recurrence of hernia in 1939. By this reasoning applicant attempts to apply the rules of law which were applied in *Salt Lake City* v. *Industrial Com.*, 93 Utah 510, 74 P. 2d 657. The factual situation of that case was not similar to the case at bar. Nor does that decision aid the applicant here. In the present case the decedent's injuries were developed as fully in 1935 as they ever were. This is not a case—as was the *Salt Lake City* case—where disability is slow in manifesting itself so that the statutory period elapsed before applicant knew of his disability. See *Hallstrom* v. *Industrial Comm.*, 96 Utah 85, 83 P. 2d 730. In the *Salt Lake City* case we were required to apply a general statute of limitations, 104-2-26, R. S. U. 1933, to a workman's compensation case and some interpretation of the statute was

necessary. Here we are required to apply the limitation contained in the Workman's Compensation law to a workman's compensation case. The language of section 42-1-64 is unambiguous, no interpretation of it is necessary. The death of the workman must occur within 3 years of the injury which causes it. The Commission has reasonably found that no injury arising out of or in the course of employment occurred in 1939 as alleged by applicant. It must then follow that no compensation can be paid the deceased's dependents under section 42-1-64 (2), U. S. C. A. 1943.

The decision of the Industrial Commission is affirmed.