Lale CRITES, (Claimant)
Respondent-Appellant,

v.

MISSOURI DRY DOCK AND REPAIR COMPANY, Inc., Employer, and United States Fidelity and Guaranty Company, Insurer, (Defendants) Appellants-Respondents.

Nos. 30763, 30777.

St. Louis Court of Appeals.

Missouri.

July 18, 1961.

Raymond H. Vogel, Vogel & Frye, Cape Girardeau, for respondent-appellant Lale Crites.

Jack Randall, St. Louis, Jack O. Knehans, Finch, Finch & Knehans, Cape Girardeau, for appellants-respondents, employer-insurer.

WOLFE, Judge.

This deals with cross-appeals from a judgment of the Circuit Court affirming an award of the Division of Workmen's Compensation, Department of Labor and Industrial Relations of Missouri. Upon a hearing before a Referee of the Industrial Commission, the Referee denied compensation on the ground that the claimant had not filed his claim within a year after it became reasonably ascertainable that the claimant had suffered a compensable injury. The claimant appealed to the Commission, which reversed the finding of the Referee and awarded claimant compensation for 17½ percent permanent partial disability. From this award the employer and the insurer appealed to the Circuit Court. In the Circuit Court the claimant filed a motion to increase the amount of the award. This motion was overruled. The Circuit Court affirmed the award of the Commission, and both the employer and the claimant appealed.

The only witnesses in the case were the claimant and his physician. The facts are that claimant Crites was employed by the Missouri Dry Dock and Repair Company, Inc. At the time of the accident, out of which this claim arises, he was 44 years of age and regularly engaged in doing electric welding. On August 15, 1956 he was working on a derrick boat. With three other men he was carrying a tool called a line-borer. This was made of a shaft of solid steel four or five inches in diameter and six feet in length. The weight of it was about five or six hundred pounds. It was used to true up the hole through which the propeller shaft was to run. Two men were on each end of the tool, and they were carrying it through the door of the boat's galley when the other man on Crites' end tripped and fell. This put the full weight of that end on Crites, who held the tool to keep it from falling on his helper's leg. He said that the weight of it "jerked" him down, and he felt a pain in his back He was blinded by the pain for a few seconds and had to sit down and rest for about ten minutes.

He continued to work for the rest of the day, but there was a slight pain in his back when he went home that night. He had never been troubled by his back before, but from then on he had intermittent pain. He thought he had strained a muscle or ligament and that the matter would correct itself in time. There were weeks and sometimes a month when he would suffer no discomfort from his back, and then again it would hurt three or four days at a time. None of this interfered with his ability to work. His regular job was welding, and he was not required to do any lifting. At times stooping or lifting would cause pain. He thought that the discomfort that he at times experienced was attributable to the accident, and he worked through 1956 and 1957 without loss of time. But in the latter part of 1957 the pain started getting worse and he went to a chiropractor. He lost some time from work because of his back in the early part of 1958. At that time he asked his employer for medical aid, but

it was refused. In May of that year he went to a Dr. Seabaugh for treatment.

Dr. Seabaugh sent him to a hospital for examination in September of 1958, and a myelogram indicated a ruptured disc between the fourth and fifth lumbar vertebrae. After this the claimant wore a lumbar brace and took medicine, but there was no improvement, and so Dr. Seabaugh performed an excision of the disc on October 6, 1958. The doctor released the patient for work about January 6, 1959, and at that time he was considered by the doctor to be capable of performing moderately heavy duties.

Dr. Seabaugh rated claimant's disability as 35 percent permanent disability to the body as a whole. He stated that the claimant's history of a back injury on August 15, 1956 was consistent with his finding that the rupture of the disc appeared to be an old rupture. He testified that since there was no history of any other back injury, in his opinion it was caused by the accident of August 15, 1956. He stated that usually at the time of a rupture to a disc, the patient is disabled for a period of a few days, but that in a few cases one can suffer such an injury and still be up and about and then have a gradually increasing pain.

It was admitted that Crites was an employee under the provisions of the Workmen's Compensation Act, and that his weekly wage was $76. It was also admitted that the employer had notice of the accident.

Crites' claim for compensation was filed October 4, 1958. This was two days before the operation upon his spine and five months after he first consulted Dr. Seabaugh, and a month after the myelogram was performed. It was eleven months after he consulted the chiropractor. As stated at the outset, the Referee found, "that the employee did not file his claim for compensation within the time prescribed by law as said claim was filed more than one year after it became reasonably ascer-

tainable that the employee had suffered a compensable injury; therefore, compensation must be and the same is hereby denied."

From the above finding the claimant applied for a review by the full Commission. The Commission made the following finding:

"We find from all of the evidence that the employee, Lale Crites, sustained an accident on August 15, 1956, arising out of and in the course of his employment with the Missouri Dry Dock and Repair Company, Inc., and that as a result of said accident he sustained 17½ percent permanent partial disability of the body as a whole referable to a herniated disc at the level of lumbar 4–5, for which he is entitled to 70 weeks of compensation at the rate of $35.00 per week.

"The employer and insurer contend that the claim is barred by the statute of limitations. At the time of the accident, and intermittently thereafter, the employee felt pain in his back. However, he dismissed the injury as trivial and opined that he might have strained a muscle or ligament. For almost 15 months following the accident he missed no time from work as a result thereof and he did not deem it necessary to seek medical aid, although he was having occasional episodes of pain. The employer (who had actual notice of the injury) acquiesced in the employee's medical appraisal and did not send him to a doctor for examination or diagnosis during this period. Finally, the employee's back symptoms worsened and he consulted a chiropractor, Dr. H. T. Miles, in November, 1957.

"A compensable injury is one which disables the employee either totally or partially from the performance of his work, or requires medical or surgical treatment. When the instant case is judged by these standards, we find and believe that it became reasonably dis-

coverable that the employee had sustained a compensable injury in November, 1957, when he saw Dr. Miles. See: Kostron vs. American Packing Co. [227 Mo.App. 34] 45 S.W.2d 871; Dees v. Mississippi River Fuel Corp. [Mo.App.], 192 S.W.2d 625. It follows that he had until November 1, 1958, to file his claim. Accordingly, the filing of his claim on October 4, 1958, was timely.

"We find that the employee selected his own physician, surgeon and hospital facility at his own expense; that he did not seek such requirements from the employer within ninety days after the injury or disability; and, that he did not thereafter seek such treatment by special order of the Commission. Section 287.140(1) RSMo 1949. Accordingly, the claim for medical aid is disallowed."

Only the employer and insurer appealed to the Circuit Court. The sole point raised by the employer and his insurer on this appeal is that the Circuit Court erred in affirming the finding by the Commission that the claim was not barred by Section 287.430 RSMo 1949, V.A.M.S., which states:

"No proceedings for compensation under this chapter shall be maintained unless a claim therefor be filed with the commission within one year after the injury or death * * *."

The foregoing has been construed to mean that the limitation placed upon the time in which the employee may file a claim begins to run when it becomes reasonably discoverable and apparent that a compensable injury has been sustained. Marie v. Standard Steel Works, Mo.Sup., 319 S.W. 2d 871; Ford v. American Brake Shoe Co., Mo.App., 252 S.W.2d 649; Dees v. Mississippi River Fuel Corporation, Mo.App., 192 S.W.2d 635; Kostron v. American Packing Co., 227 Mo.App. 34, 45 S.W.2d 871. '

The employer and its insurer seek to distinguish Marie v. Standard Steel Works and Ford v. American Brake Shoe Co., supra, on the ground that those two cases involve an occupational disease rather than an accidental injury. We see no difference between an occupational disease and an injury where, as here, the injury is a latent one and its effects are not manifest until long after the accident, which caused the injury, occurred. Marie v. Standard Steel Works, supra, and authorities cited therein. Neither is the employer aided by Conn v. Chestnut Street Realty Co., 235 Mo. App. 309, 133 S.W.2d 1056, for in that case the injury was plainly apparent within a few days.

The question to be determined in deciding when the statute began to run is resolved by fixing the time that the claimant could have reasonably discovered and it became reasonably apparent that a compensable injury to his back had been sustained. This was a question of fact for the Commission's determination. Neither this Court nor the Circuit Court may set aside the Commission's finding unless such decision is clearly contrary to the overwhelming weight of the evidence. Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W. 2d 647; Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S.W.2d 55.

There appears to be sufficient evidence for the Commission to have found that the injury did not, in fact, actually disable Crites until January, 1958, and that he was not aware of the disabling nature of his injury until November of 1957. The claim was filed within a year after November, 1957, and the Commission therefore could reasonably find that it was filed in time, and the employer's and insurer's contention to the contrary is without merit.

The claimant's cross-appeal from the Circuit Court assigns as error the failure of the Circuit Court to increase the

amount awarded claimant in accordance with the motion for such an increase filed by the claimant in the Circuit Court. The claimant did not appeal from the award made by the Commission, and he could not thereafter complain of its alleged insufficiency. Under the circumstances, the award of the Commission has the same finality as the judgment of a court at law from which no appeal is taken. Spradling v. Wackman Welded Co., 239 Mo.App. 1195, 205 S.W.2d 290; Winschel v. Stix, Baer & Fuller Dry Goods Co., Mo.App., 77 S.W.2d 488.

The Circuit Court therefore properly overruled the claimant's motion to increase the award.

The judgment of the Circuit Court affirming the award of the Industrial Commission is affirmed.

ANDERSON, J., and JAMES D. CLEMENS, Special Judge, concur.

RUDDY, J., not participating.