Ted CLARK, Russell Clark, Robert L. Jensen, Ronald L. Alloay, Marion Anderson, Homer D. Jensen, Robert Clark, Eugene Losee, Hilda Oliver, Albert Nickle and Russell Knight, Plaintiffs and Appellants,

v.

Dee C. HANSEN, State Engineer, Defendant and Respondent.

No. 17093.

Supreme Court of Utah.

June 4, 1981.

---

**22.** 5 Couch On Insurance 2d, Sec. 29:4, p. 267.

J. Franklin Allred, Salt Lake City, for plaintiffs and appellants.

David L. Wilkinson, Dallin W. Jensen, Michael M. Quealy, Salt Lake City, for defendant and respondent.

STEWART, Justice:

Plaintiffs brought an action in the district court pursuant to § 73–3–14, Utah Code Ann. (1953), seeking a trial de novo as to a decision of the State Engineer appropriating certain water rights in the Sevier Desert ground water basin to L. Derrel Christensen, an applicant not named as a party herein. The district court dismissed plaintiffs' action for lack of jurisdiction to hear the matter because the State Engineer had granted a rehearing on Christensen's application prior to the filing of the action in the district court. Plaintiffs seek a reversal of the order of dismissal and a remand for a trial de novo. They assert that the State Engineer had no authority to hear Christensen's application, or the authority to grant a rehearing on the subject application.

On January 18, 1980, the State Engineer granted the application of Christensen to appropriate 5,460 acre feet of water annually from the Sevier Desert ground water basin in Juab County, Utah. Although plaintiffs, as well as the Deseret Irrigation Company, Melville Irrigation Company, Abraham Irrigation Company, and Delta Canal Company, had filed applications prior to the Christensen application, the antecedent applications had not been heard at the time the State Engineer approved the application of Derrel Christensen. Approximately three weeks after the Christensen application had been granted, the Deseret Irrigation Company, Melville Irrigation Company, Abraham Irrigation Company, and Delta Canal Company filed a petition for rehearing of the Christensen application. On February 20, 1980, the State Engineer granted the petition for rehearing. Plaintiffs did not join in the petition, but rather, on March 12, 1980, filed a complaint for a trial de novo as to the issues involved in the Engineer's decision granting the Christensen application. The State Engineer filed a motion to dismiss plaintiffs' complaint, claiming that the granting of a rehearing vacated the prior decision and deprived the district court of jurisdiction because there was no final appealable ruling. We affirm the trial court's dismissal of the action.

There is no merit in plaintiffs' contention that the State Engineer had no authority to adopt rules which provide for rehearings. Inherent in the power to make an administrative decision is the authority to reconsider a decision. *Wammack v. Industrial Commission of Arizona*, 83 Ariz. 321, 320 P.2d 950 (1958); *Handlon v. Town of Belleville*, 4 N.J. 99, 71 A.2d 624 (1950). The absence of specific authority in the governing statutes is not determinative. Every tribunal has some power to correct its own mistakes.

Nor are we persuaded by plaintiffs' argument that the State Engineer lacked authority to grant the rehearing since the petition was filed several days beyond the twenty-day period provided for filing petitions for rehearing under the rules adopted by the State Engineer pursuant to §§ 63–46–1 *et seq.*, Utah Code Ann. (1953). The Engineer points out that the rules provide that, for good cause, the twenty-day period may be extended.

■ This Court will not generally disturb an agency's interpretation of its own rules unless the interpretation is shown to be clearly erroneous. *McKnight v. State Land Board*, 14 Utah 2d 238, 381 P.2d 726 (1963). There is no evidence or allegation to the effect that the extension granted in this instance was for anything other than appropriate reasons, or that plaintiffs were in any way adversely affected thereby. Under the circumstances, with no judicial review proceeding pending, the Engineer did not err in construing the rules to permit the granting of the petition for rehearing.

■ We next turn to plaintiffs' second contention—that is, that the State Engineer lacked authority to consider Christensen's application in the first instance. Relying on *McGarry v. Thompson*, 114 Utah 442, 201 P.2d 288 (1948), plaintiffs argue that the priority of any water right is determined from the date of filing an application and not from the date of appropriation. Having filed applications prior to that of L. Derrel Christensen, plaintiffs claim priority and assert the State Engineer erred in passing over prior applications to act on that of L. Derrel Christensen. It is premature to rule at this time on this contention. An underlying assumption of plaintiffs' argument is that the water sought to be appropriated by the applications under consideration involve the same ground water basin. There has been, however, no determination of this matter. Indeed, the petition for reconsideration was partly based on the need for additional data concerning the relationship between the water sought to be appropriated under the Christensen application and those applications earlier filed. Additional data was necessary to determine whether there is any unappropriated water available and whether the proposed use would impair existing rights. Until these matters are settled, the validity of plaintiffs' claims cannot be ascertained, even if it be conceded for the purpose of argument that they are entitled to priority.

■ Of course one need not always apply for rehearing before an administrative agency before seeking judicial review, although the matter may depend upon the specific statutory language that controls, *Edwards v. Industrial Commission*, 112 Utah 472, 189 P.2d 124 (1948); Davis, *Administrative Law Treatise*, Vol. 3, 1958, § 20.01 and § 20.08. But once a rehearing has been granted, judicial review—whatever the scope of the review—is premature. As pointed out by Professor Davis:

> No court requires exhaustion when exhaustion will involve irreparable injury and when the agency is palpably without jurisdiction; *probably every court requires exhaustion when the question presented is one within the agency's specialization and when the administrative remedy is as likely as the judicial remedy to provide the wanted relief.* [Davis, *Administrative Law Treatise*, § 20.08 at 56.] [Emphasis added.]

In the case at hand we deal with an administrative agency that has expertise in an area that requires highly technical knowledge. The Engineer must render orders on the best technical evidence available and often in the absence of conclusive evidence. We recognize that despite these facts, the Legislature has provided for a trial de novo of the agency's determination. Nevertheless, full play must be accorded the administrative process, including a rehearing of the issues in this case. Nor do we see any prejudice to the plaintiffs since the Engineer's decision might be favorable to them.

Until further factual development occurs and a final administrative determination made, plaintiffs are not entitled to pursue their judicial remedy.

Affirmed. No costs.

MAUGHAN, C. J., and HOWE, HALL and OAKS, JJ., concur.