**Edgar WELBORN, Jr., Appellant.**

**v.**

**SOUTHERN EQUIPMENT COMPANY, a Corporation, and Aetna Casualty & Surety Company, a Corporation, Respondents.**

No. 51308.

Supreme Court of Missouri,

En Banc.

Nov. 8, 1965.

James K. Cook, Schuchat, Cook & Werner, St. Louis, for appellant.

Luke, Cunliff, Wilson, Herr & Chavaux, St. Louis, for respondents.

STORCKMAN, Judge.

This is an action for benefits under the Workmen's Compensation Law, Chapter 287, RSMo 1959, V.A.M.S. The referee and the Industrial Commission denied the employee's claim and the Circuit Court of the City of St. Louis affirmed. The St. Louis Court of Appeals reversed and remanded but transferred the cause to this court on the ground that its decision was in conflict with the opinion of the Kansas City Court of Appeals in Igoe v. Slaton Block Co., Mo.App., 329 S.W.2d 39. The opinion of the St. Louis Court of Appeals is reported at 386 S.W.2d 432. The primary question involved is whether the furnishing of medical services by an employer to an employee after the one-year statute of limitation has run is a payment that revives the employee's claim for compensation and permits it to be filed within one year thereafter.

The essential facts are that on or about July 20, 1960, the claimant and other employees were engaged in removing a cafeteria counter weighing from 200 to 400 pounds from a dolly and placing it on the factory floor. One of the employees suddenly let go of his end of the counter but the claimant held on and was pulled to one side and his back was jerked. He felt a real sharp pain in his back, like somebody was sticking him with a pin, which lasted for just an instant. Thereafter, the claimant had a pain in his back when he bent over to lift anything. On August 1, 1960, and at intervals thereafter, the claimant was treated by Dr. Gibson, a chiropractor, for a pain in his left lower back. In March 1961, he went to Dr. Cresswell, a medical practitioner, who prescribed a special belt and sleeping on a hard board. The claimant went to Dr. Gibson and Dr. Cresswell of his own volition and personally paid them for their services.

On August 23, 1961, after the claimant's employment was terminated, he told Mr. Muckler (described by the claimant as "the owner of Southern Equipment") he had

trouble with his back and he was sent by Mr. Muckler to Dr. Reinick who treated him for about six weeks and then sent him to Dr. Leydig. The employer paid for the services of Dr. Reinick and Dr. Leydig. The claim for compensation was filed on September 15, 1961. Thus, the accident occurred about July 20, 1960, no compensation was paid by the employer, and no medical aid was furnished by the employer until August 23, 1961, which was more than a year after a compensable injury was found to exist.

The findings of the Industrial Commission were consistent with the referee's award and are as follows:

"We find from all of the evidence that the employee, Edgar L. Welborn, Jr., sustained an accident on or about July 20, 1960, arising out of and in the course of his employment with the Southern Equipment Company. We further find that it became reasonably discoverable and apparent to the claimant that he had sustained a compensable injury on August 1, 1960, when he first obtained medical treatment from his personal physician, Dr. Gibson. See: Crites v. Missouri Dry Dock & Repair Co., 348 S.W.2d 621.

"The employer and insurer paid no compensation and furnished no medical treatment on account of said injury during the year next after August 1, 1960. However, a year and twenty-three days later, on August 23, 1961, the employer did send him to a doctor for treatment. This did not revive the claim. The action to toll the running of the statute must take place before the period has expired. Cf. Igoe v. Slaton Block Co., 329 S.W.2d 39. It follows that the filing of the claim for compensation on September 15, 1961, was not timely and that the claim is barred by Section 287.430, RSMo 1959.

"Compensation, therefore, must be and the same is hereby denied.

"The other points raised by the application for review become moot in view of the above."

■ The employee contends that the Industrial Commission erred in holding that it became reasonably discoverable and apparent on August 1, 1960, that the claimant had sustained a compensable injury; further, the employee contends that the Commission should have fixed a date no earlier than February 1961 at which time the employee noticed a catch in his hip and sought the services of a medical doctor for the first time. He cites Crites v. Missouri Dry Dock & Repair Co., Mo.App., 348 S.W.2d 621, and Hundley v. Matthews Hinsman Co., Mo.App., 368 S.W.2d 528. The Hundley case cited has no standing in support of the contention because it was transferred to the supreme court where a decision was rendered by the court en banc contrary to the opinion of the court of appeals. See Hundley v. Matthews Hinsman Co., Mo., 379 S.W.2d 489. The supreme court held in the circumstances of the case that a compensable injury was sustained when as the result of the accident substantial injury was apparent and medical aid was required and that the statute of limitation began to run from the time compensation and medical aid was terminated even though the maximum injury and disability was not disclosed until a later date. 379 S.W.2d 489, 494 [1]. In this regard, the court quoted liberally from Wheeler v. Missouri Pacific R. Co., 328 Mo. 888, 42 S.W.2d 579, which called attention to § 42 of the original act, Laws 1927, p. 512, now § 287.470, vesting the Industrial Commission with a continuing jurisdiction to change an award, and stated: " 'The purpose of the Legislature as disclosed by the act to our minds plainly shows that it was its intention to provide that the claim should be filed within six months after the receipt of *a* compensable injury by the employee and, should it transpire thereafter that the injury received has developed into a more serious injury compensable in a different manner, the commission should change the award, if any,

previously made.'" 379 S.W.2d 489, 491, Col. 2.

The Hundley case further holds that fixing the date when the existence of a compensable injury is reasonably discoverable is in large part a question of fact for determination by the Industrial Commission. 379 S.W.2d 489, 495. The Crites case is consistent with the holding of the supreme court in Hundley. There was substantial evidence from which the Commission could find that a compensable injury was sustained on August 1, 1960. The Commission was empowered to make this finding of fact and we cannot say that it erred in so doing. Sec. 287.490, RSMo 1959, V.A.M.S.

The employee next contends that the furnishing of medical treatment by the employer beginning on August 21, 1961, was a part payment on account of the injury within the meaning of § 287.430 which had the legal effect of reviving his claim so that the filing on September 15, 1961, was timely. This court and the other appellate courts of the state have uniformly held that the furnishing of medical services by the employer to an injured employee constitutes a payment on account of injury which postpones the running of the period of limitation provided by § 287.430. McEneny v. S. S. Kresge Co., 333 Mo. 817, 62 S.W.2d 1067, 1070 [4]; McFall v. Barton-Mansfield Co., 333 Mo. 110, 61 S.W.2d 911, 914 [5]; Elsas v. Montgomery Elevator Co., 330 Mo. 596, 50 S.W.2d 130, 135 [11]; Cotton v. Voss Truck Lines, Inc., Mo.App., 392 S.W.2d 428, 430 [1]; Buecker v. Roberts, Mo.App., 260 S.W.2d 325, 327 [2].

The decisions of the appellate courts of this state have not been uniform with respect to the limitation statute in question; that is, whether it is a condition and a part of the substantive law which extinguishes the claim or right of action when the period of limitation has elapsed or whether the statute is one of repose and affects the remedy only. In Dees v. Mississippi River Fuel Corp., Mo.App., 192 S.W.2d 635, 640 [1], the St. Louis Court of Appeals held

that the one-year statue of limitation in a Workmen's Compensation case was not designed to affect merely the remedy but its legal effect was to extinguish the right itself. A little more than a year later that court in Buecker v. Roberts, Mo.App., 200 S.W.2d 529, 532 [3], without referring to the Dees case by name, reversed its stand and held the statute to be one of repose or limitation which did not extinguish the right or cause of action stating that cases to the contrary had been overruled by the supreme court in Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852. The Wentz case was certified to the supreme court by the Kansas City Court of Appeals which had held the statute to be procedural affecting the remedy only but transferred the case not only because of conflicts in the courts of appeal but also because of inconsistent decisions of the supreme court. See Wentz v. Price Candy Co., Mo.App., 168 S.W.2d 462.

Decisions of the St. Louis Court of Appeals have held that the furnishing of medical services is a payment on account of injury which not only tolls or postpones the running of the statutory period of limitation, but also has the legal effect of waiving the bar of the statute of limitation so that a claim may be filed within the period of one year after the medical services were furnished. See Parker v. St. Louis Car Co., Mo.App., 145 S.W.2d 482; Mussler v. American Car & Foundry Co., Mo.App., 149 S.W.2d 429; Buecker v. Roberts, Mo. App., 260 S.W.2d 325; and Welborn v. Southern Equipment Co., Mo.App., 386 S.W.2d 432. The decision by the Kansas City Court of Appeals in Igoe v. Slaton Block Co., Mo.App., 329 S.W.2d 39, holds to the contrary and produces a conflict which prompted the St. Louis Court of Appeals to transfer the instant appeal to this court. 386 S.W.2d at page 439.

The limitation statute involved, § 287.430, RSMo 1959, V.A.M.S., provides in part: "No proceedings for compensation * * shall be maintained unless a claim therefor be filed with the commission within one

year after the injury or death, or in case payments have been made on account of the injury or death, within one year from the date of the last payment."

Distinctions have been made where the right or cause of action is not one known at common law but is the creature of a statute which also imposes the limitation. In such cases there is a tendency, not strictly followed in this state, to hold that the bringing of the suit within the time allowed is substantive and a condition to the maintenance of the action and that the lapse of the specified period after the cause of action accrues extinguishes the right or cause of action.

On the other hand, general statutes of limitation quite uniformly are held to be statutes of repose or limitation only which do not extinguish the cause of action. Thatcher v. De Tar, 351 Mo. 603, 173 S.W. 2d 760, 761 [1]; City of St. Louis v. Miller, Mo.App., 155 S.W.2d 565, 567 [1]; 53 C.J.S. Limitations of Actions § 1b, p. 901. We need not concern ourselves too deeply, however, with this distinction because § 287.430 directly ties the limitation of compensation claims into our general statutes of limitation by this language: "In all other respects such limitations shall be governed by the law of civil actions other than for the recovery of real property, * * *." Section 516.100 of the general limitation statutes relating to personal actions provides that: "Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; * * *." Then follows § 516.110 to § 516.140 which lists the categories of civil actions and the periods within which they may be commenced.

■ Taking into consideration the entire Workmen's Compensation Law and other cognate statutes, we hold that there is no legislative intent expressed in § 287.430 to extinguish completely a Workmen's Compensation claim if not filed within the period provided by the statute. Our conclusion is buttressed by the decision of this court in Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852, which holds § 287.430 is a statute of limitation or repose affecting the remedy only.

In the Wentz case, the employee was injured on April 26, 1941, at which time the statute required a Workmen's Compensation claim to be filed within six months. Thus, she had until October 26, 1941, to file her claim. However, on October 10, 1941, an amendment to the limitation section became effective which extended the time for filing claims from six months to one year. The employee filed her claim on December 26, 1941, which was more than six months but less than a year after the date of injury. The ultimate question for determination was whether the amendment applied to the employee's claim. In reaching its conclusion this court had to determine the nature of the limitation section, which is now § 287.430; that is, whether the general assembly intended the claim to be completely extinguished if it was not filed in the time specified. The rules for construing limitation statutes are stated in Wentz as follows: "The intention of the legislature should be the guide in determining whether a statute extinguishes the right or merely the remedy. The plain language of a statute must of course be heeded in its expression of the legislative intention. Yet courts should exercise restraint in declaring a construction that the very right itself is extinguished by the lapse of time unless such is the plain statutory intent. Limitation laws operating on the remedy recognize instances of excusable delay in the enforcement of rights. Such laws are now construed liberally because of the more favorable judicial attitude toward them which has grown up in recent years." 175 S.W. 2d 852, 854–855.

Noting the reference in § 287.430 to the general limitation laws, the opinion states the only reasonable meaning of the provision is that the legislature intended the section to be governed by the general limita-

tion laws applicable to personal actions. The court then held that: "The legislature clearly intended Section 3727 [§ 287.430] to be one of limitation and repose, affecting the remedy only, and we are obliged to so regard it." 175 S.W.2d 852, 855. Reliance was placed on Cytron v. St. Louis Transit Co., 205 Mo. 692, 104 S.W. 109, an opinion by the court en banc. The Wentz case overruled approximately 20 previous decisions of the supreme court and the various courts of appeal.

Accepting the primary holding of the Wentz case that § 287.430 does not extinguish the right of action or claim for compensation, we are faced with the further inquiry whether a payment of compensation such as the rendering of medical aid made more than one year after the injury or the last payment of compensation will have the legal effect of reviving the claim and permitting the claim to be filed with the Industrial Commission within one year thereafter. In making this determination, we must again consult the language of § 287.-430, other related statutes, and the controlling decisions of the appellate courts construing these statutes.

■ It should be observed that the Workmen's Compensation Law is contractual in that it is elective by the employer and the employee and when so accepted its provisions become an integral part of the employment contract. Sec. 287.060, RSMo 1959, V.A.M.S.; State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission, 320 Mo. 893, 8 S.W. 2d 897, 899 [4]; Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852, 857 [12]. The compensation, medical aid and other benefits required by the Workmen's Compensation Law are, therefore, in the nature of obligations or payments due under a contract. As directed by § 287.430, we consider the general statutes of limitation and the legal effect of a payment on account of a debt or other obligation.

Section 516.320 provides that in actions founded on any contract no acknowledg-

ment or promise shall be evidence of a new or continuing contract taking any case out of the provisions of §§ 516.100 to 516.370 or deprive any party of the benefit thereof unless such acknowledgment or promise be in writing subscribed by the party chargeable. However, § 516.340 provides that nothing contained in § 516.320 "shall alter, take away or lessen the effect of a payment of any principal or interest made by any person."

■ Under these general statutes of limitation, a part payment made within the prescribed statutory period before suit is brought will take a case out of the operation of the statute of limitation whether the payment was made before or after the statutory period has elapsed. Loewenstein v. Queen Ins. Co., 227 Mo. 100, 127 S.W. 72, 77; Johnson v. Johnson, 81 Mo. 331, 335; Shannon v. Austin, 67 Mo. 485, 487; Hickey v. Sigillito, Mo.App., 162 S.W.2d 638, 641–642 [7]; 54 C.J.S. Limitations of Actions § 334, p. 455. Considering all of the relevant statutes and decisions thereunder, we hold that the payment made on account of the injury in the form of medical aid furnished by the employer after the one-year period of limitation provided by § 287.-430 had elapsed revived the employee's claim and right of action and the claim filed within one year thereafter was timely. This holding is also in keeping with § 287.800 which requires that all provisions of the Workmen's Compensation Law shall be liberally construed with a view to the public welfare. See also Spradling v. International Shoe Co., 364 Mo. 938, 270 S.W 2d 28, 30 [1].

As to its defense of the bar of the statute of limitations, the respondents relied primarily upon the Igoe case, the second Hundley case and Higgins v. Heine Boiler Co., 328 Mo. 493, 41 S.W.2d 565. The Higgins case held that the filing of a claim within the time prescribed by the Workmen's Compensation Law for maintenance of the right of action was jurisdictional; however, this is one of the numerous cases overruled by

Wentz v. Price Candy Company. The cases lend no support to the respondents' position on this issue.

Igoe v. Slaton Block Co. did not determine if § 287.430 was a limitation statute "which extinguishes the right or is one of repose, that is, a true statute of limitations", but held that under either interpretation the claim was not timely filed. 329 S.W.2d at page 45. We have held that the statute does not extinguish the right of action and that the Workmen's Compensation claim is subject to revival. In this regard the Igoe opinion is in conflict with our present decision.

Further, the Igoe opinion held that the Mussler and Parker decisions by the St. Louis Court of Appeals were distinguishable because in "each of those cases the claimant received medical attention before expiration of the limitation time period". 329 S.W.2d at page 45. The distinction attempted is of no legal consequence. Section 287.430 provides alternative dates for the beginning of the running of the statute of limitation depending on whether compensation has or has not been paid. If no compensation has been paid on account of the injury, the statutory period runs from the date of the injury. If compensation has been paid, the statutory period is reckoned from the date of the last payment of compensation. There is only one limitation period provided and the language of the statute does not admit of different legal consequences depending on the event that marks the beginning of the period. We are concerned with the legal effect of a payment on account of the injury and that is the same in either situation. This construction is further fortified by the terms of § 287.440 which provides another event that may mark the beginning of the statutory period which is the termination of a damage suit or Workmen's Compensation claim filed in another state, but the provision regarding payments on account of the injury remain the same as in § 287.430. To the extent that Igoe holds otherwise, it is in conflict with our present decision.

A further defense asserted by the employer is that the claim cannot be maintained because the claimant failed to comply with § 287.420 which requires that a written notice be given the employer not later than thirty days after the accident "unless the commission shall find that there was good cause for failure to give such notice, or that the employer was not prejudiced by failure to receive such notice." The respondents cite Brown v. Douglas Candy Co., Mo.App., 277 S.W.2d 657, which held the purpose of the notice was to give the employer a timely opportunity to investigate the facts of the alleged accident and if medical attention is required to render it promptly in order to minimize the disability. The court of appeals concluded the evidence was insufficient to sustain a finding that the employer had not been prejudiced by the failure to receive the statutory notice and reversed and remanded the award with directions to dismiss the claim.

In an additional opinion rendered in connection with overruling the motion for rehearing, the court of appeals in the instant case indicated a view that the employer had abandoned and waived its defense of failure to give notice, but ruled that the issue as to the giving of notice was a question of fact and held the employee had made a prima facie case of actual notice and that there had been no showing of prejudice. Since the judgment must be reversed and remanded on other grounds, it is not necessary or desirable to undertake to rule the issue on the unsatisfactory record before us. See Buecker v. Roberts, Mo.App., 200 S.W.2d 529, 533 [5].

As we read the record, however, the claimant's testimony as to whether he reported the accident to his foreman, Mr. Schraft, or to anyone in a position of authority with the company prior to his telling Mr. Muckler on August 23, 1961, is conflicting. The court of appeals concluded the evidence was sufficient to show that the claimant had told Mr. Schraft of the accident. The opinion sought to explain the claimant's positive statement that the

first time he told anyone "at the office of the company" about the accident was on August 23, 1961, by making the observation that it appeared that Mr. Schraft was a foreman and not in the company office. But the transcript reveals at page 66 that the claimant testified that George Schraft was in the "factory office". Contradictory testimony of a single witness, relied on to prove a fact, does not constitute substantial evidence in the absence of an explanation or other circumstances tending to show which of the two versions is true. Adelsberger v. Sheehy, 332 Mo. 954, 59 S.W.2d 644, 647 [6]. At best the evidence does not have the clarity and undisputed quality necessary for an appellate court to rule an issue not passed on by the Commission as contemplated by § 287.420. The Commission is the sole judge of the weight of the evidence and the credibility of the witnesses. Kelsall v. Riss & Co., Mo.App., 165 S.W.2d 329, 331 [1]. See also § 287.-490, RSMo 1959, V.A.M.S.

The findings of the Commission affirmatively state that other points "raised by the application for review become moot in view of the above." The findings "above" were the fact of the accident and injury and that the claim was not timely and was barred under § 287.430. The issue of lack of notice has not been adjudicated or precluded on the present record and the question of whether notice was given as required by § 287.420 will remain a live issue upon which the parties may adduce evidence at another hearing together with any other issues that may be properly in the case.

The opinion of the Kansas City Court of Appeals in Igoe v. Slaton Block Co., Mo. App., 329 S.W.2d 39, insofar as it conflicts with the views expressed herein, is disapproved and should no longer be followed. We have approved in part and disapproved in part the holdings of the St. Louis Court of Appeals in Welborn v. Southern Equipment Co., Mo.App., 386 S.W.2d 432. To the extent that the views in that opinion are contrary to those expressed herein, they are disapproved.

Accordingly, the judgment is reversed and the cause remanded with directions to the circuit court to remand the cause to the commission for further proceedings not inconsistent with this opinion.

All concur and STONE, Sp. J., concurs.

DONNELLY, J., not participating because not a member of the court when the cause was submitted.