**Kevin G. HEHNER, Plaintiff/Appellant,**

v.

**Milton F. HEHNER, and Delores Hehner, Defendant/Respondent.**

No. 68228.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 27, 1996.

Motion for Transfer to Supreme Court Denied April 2, 1996.

Douglas A. Forsyth, Anderson & Preuss, Clayton, for appellant.

Joe D. Jacobson, Daniel S. Peters, Green, Schaaf & Margo, P.C., Clayton, for respondent.

SMITH, Presiding Judge.

Plaintiff, Kevin Hehner, appeals from the judgment of the trial court granting defendants' motion to dismiss plaintiff's petition with prejudice on grounds that the statute of limitations has run. We affirm.

Plaintiff's petition sought damages against his parents for sexual abuse they inflicted upon him when he was between ages one and six and one-half years. Plaintiff filed his petition on September 27, 1994, at which time he was 38 years old. The abuse alleged therefore ended no later than the beginning of the year 1964. Plaintiff alleged that because of the sexual abuse the "acts were involuntarily buried in plaintiff's subconscious mind" until September 1990 when he began to remember them. He alleged that he did not become aware of the effects of the abuse until therapy in October 1990.

In his petition he alleged that he brings the action in timely fashion pursuant to § 537.046, RSMo 1994, in that, for purposes of that statute he did not discover the abuse until October 1990.[1] The contention that the action was timely filed is premised upon his allegation that the cause of action did not accrue until plaintiff was capable of ascertainment of his damages under § 516.100 and also because of the repression of memory he was mentally incapacitated until September 1990 pursuant to § 516.170.

Section 537.046 became effective on August 28, 1990, and provides:

2. In any civil action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within five years of the date the plaintiff attains the age of eighteen or with three years of the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by child sexual abuse, whichever later occurs.

The suit here was filed when plaintiff was 38 years old, well beyond the five years after age eighteen set forth in the statute. It was also filed more than three years after the admitted date when plaintiff was aware he had a cause of action, October 1990.[2] Plaintiff attempts to overcome the latter problem by his allegation that he originally filed this action on August 26, 1993, which case was voluntarily dismissed without prejudice with leave to refile on September 29, 1993. He invokes the provisions of § 516.230 allowing one year after a non-suit to bring another action as tolling the statute in this case. The difficulty with that contention is that § 516.230 provides that it applies to actions commenced within the times re-

---

1. Plaintiff's allegation of October, 1990, as the date when the cause of action accrued differentiates this case from *Sheehan v. Sheehan*, 901 S.W.2d 57 (Mo. banc 1995) wherein the petition was silent on accrual date.

2. The discovery provision of § 537.046 is worded differently than the "capable of ascertainment" language found in § 516.100. Whether the provisions are different in fact has not been decided at this point. But it is to be noted that neither § 516.100 nor § 516.170 apply to § 537.046 as each by express language is limited to "sections 516.100 to 516.370".

spectively prescribed in sections 516.010 to 516.370. Section 537.046 is obviously not within those described sections. There is no tolling or savings provision similar to § 516.230 which applies to § 537.046. This may have been an oversight of the general assembly, but we cannot assume that it was. It may well have been a conscious decision that the extended time for filing suit contained in § 537.046 was sufficient and did not need a further savings provision. Regardless, the language of the statutes is clear and § 516.230 is not applicable to § 537.046.

Judgment affirmed.

GARY M. GAERTNER and RUSSELL, JJ., concur.