Harold C. WEST, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. 75386.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 13, 1999.

Heidi L. Leopold, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Asst. Atty. Gen., James A. Chenault, III, Special Asst. Atty. Gen., Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Harold West (Driver) appeals the judgment setting aside a consent judgment reinstating driver's license. We affirm.

Driver was arrested on October 2, 1997 for driving while intoxicated. After he refused to submit to a chemical breath test, Director revoked his driving privileges pursuant to section 577.041, RSMo Cum.Supp.1997. Director mailed notice of the revocation to Driver, advising him that he must file a Petition for Review within 30 days of the notice of revocation dated October 2, 1997.[1]

On June 12, 1998, Driver filed a petition for review in St. Louis County. In that petition, He alleged that he had previously filed a petition for review in St. Louis City (the incorrect venue) on October 17, 1997. He sought to "refile" his petition for review with St. Louis County pursuant to the Missouri savings statute, section 516.230, RSMo 1994. On September 25, 1998, an assistant prosecuting attorney for St. Louis County confessed judgment in the cause and agreed the court could reinstate Driver's driving privileges.

On October 26, 1998, Director filed a motion to set aside the September 25th judgment because the court never had subject matter jurisdiction. In that motion, Director alleged the circuit court lacked subject matter jurisdiction, because Driver had not filed his petition for review with St. Louis County within 30 days of the notice of revocation. On November 16, 1998, the circuit court found it did not have subject matter jurisdiction over Driver's untimely petition for review and granted Director's motion and set aside the judgment. Driver appeals from this judgment.

■ In Point I, Driver contends the trial court erred in sustaining Director's motion to set aside the judgment because Director's motion was not timely filed within 30 days of the judgment as required by Rule 73.01. We disagree. The motion was timely filed and complied with Rule 44.01. The consent judgment was rendered on September 25, 1998. Thirty days

from that date was *Sunday*, October 25, 1998. The Director had until Monday, October 26, 1998 to file the motion to set aside. *See,* section 506.060.1, RSMo 1994; section 1.040, RSMo 1994; Rule 44.01. Director's motion filed on October 26, 1998 was, therefore, timely.

■ Driver also argues that Director's motion to set aside the judgment was not an authorized after-trial motion extending the time a trial court retains jurisdiction. This court has previously considered a motion designated "motion to set aside" as a motion for new trial, which is an authorized after-trial motion. *See, Hoey v. Royston,* 723 S.W.2d 929, 930 (Mo. App. E.D.1987). Moreover, Director's motion could have been brought after the 30 days had expired pursuant to Rule 74.06(b)(4), which provides for relief from a void judgment. Judgments entered by a court lacking subject matter jurisdiction are null and void. *Evans v. Director of Revenue,* 871 S.W.2d 90, 91–92 (Mo.App. E.D.1994). Point denied.

■ In his second point, Driver contends the trial court erred in finding his petition for review was untimely because it was timely filed under the Missouri savings statute, section 516.230. Driver concedes his petition was not filed, as required, in St. Louis County within 30 days of the notice of revocation. He relies on the provisions of section 516.230 because he refiled his petition within one year after his voluntary dismissal.[2] In response, Director argues the savings statute does not apply to petitions for review of the revocation of driving privileges. The statute does not apply.

■ The Missouri savings statute, section 516.230, states in pertinent part:

If any action shall have been commenced within the times respectively

---

1. Driver asserts the notice of revocation was mailed on October 2, 1997, although he failed to include a copy of the notice in his legal file, we adopt this date as being accurate.

2. We assume that Driver did actually file a timely petition for review in St. Louis City. The record will not support a finding that he did but the Director does not contest the allegation.

prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered ....

Section 516.230, the savings statute only applies to actions commenced within the times prescribed in sections 516.010 to 516.370. The sections governing the filing of petitions for review of revocation of driving privileges are not contained within those statutes. Moreover, section 516.230 is not a general procedural statute. *Boggs v. Farmers State Bank of Texas County,* 846 S.W.2d 233, 235 (Mo.App. S.D.1993). The provisions of section 516.230 do not extend "to any action which is or shall be otherwise limited by statute; but such action shall be brought within the time limited by such statute." Section 516.300, RSMo 1994; *See, Hehner v. Hehner,* 918 S.W.2d 283, 284–85 (Mo.App. E.D.1996); *Stine v. Kansas City Terminal Ry. Co.,* 564 S.W.2d 619, 621 (Mo.App.1978). This statute is "designed to assure the Missouri general statute of limitations will not be injected into a cause of action that has its own built-in statute of limitations." *Thompson by Thompson v. Crawford,* 833 S.W.2d 868, 871 (Mo. banc 1992).

The review of the suspension or revocation of driving privileges by Director provides its own statute of limitations and requires the petitions for review to be filed within 30 days of the mailing of the notice of revocation. Sections 302.311 & 536.110, RSMo 1994. Therefore, the savings statute does not apply to Driver's petition for review. Accordingly, the Circuit Court of St. Louis County never acquired subject matter jurisdiction to reinstate Driver's license, *Goggin v. Director of Revenue,* 878 S.W.2d 931, 931 (Mo.App. E.D.1994), and the judgment to reinstate was void. The trial court did not err in granting Di-

rector's motion to set aside the judgment.[3] Point denied.

The judgment is affirmed.

ROBERT G. DOWD, Jr., C.J. and JAMES A. PUDLOWSKI, J. concur.

---

**3.** Driver raises no issue regarding the Director's confession of judgment. We note, however, that confession of judgment will not vest a court with subject matter jurisdiction

which is otherwise lacking. *Evans v. Director of Revenue,* 871 S.W.2d 90, 92 (Mo.App. E.D. 1994).