Lori MINOR, Claimant/Appellant,

v.

APCOA, INCORPORATED,
Employer/Respondent,

and

National Union Fire Insurance
Co., Insurer/Respondent,

and

Second Injury Fund, Additional Party.

No. ED 77389.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 22, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 2, 2000.

Application for Transfer Denied
Dec. 5, 2000.

Susan K. Roach, Chesterfield, for appellant.

David S. Ware, Mary Anne Lindsey, St. Louis, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Claimant, Lori Minor, appeals from a decision by the Labor and Industrial Relations Commission (Commission), dismiss-

ing her claim for workers' compensation. We affirm.

On January 11, 1993, employer, Apcoa, Inc., filed a Report of Injury, stating claimant injured her right hand and back. Claimant filed a claim for workers' compensation on January 10, 1994. In its answer, employer and its insurer, National Union Fire Insurance Co., admitted that claimant sustained an accidental injury on or about January 7, 1993. Employer and its insurer also asserted that "all necessary compensation benefits and medical" had been provided.

On September 29, 1998, claimant filed a memorandum dismissing the "matter without prejudice." On October 2, 1998, "employer/insurer" appeared before an administrative law judge (ALJ) for a scheduled hearing.[1] Claimant did not appear. At this time, employer and its insurer moved for dismissal of the claim for failure to prosecute and the ALJ granted the motion. Claimant filed an application for review by the Commission arguing that the ALJ erred in dismissing her claim because she had voluntarily dismissed her claim prior to October 2, 1998. After discussing "the law" on voluntary dismissals, the Commission found good cause for claimant's failure to appear on October 2, 1998, good cause to set aside the ALJ's dismissal and that the claim for compensation was voluntarily dismissed. In a footnote, the Commission stated that it took no position on the issue of whether the claim for compensation in this case could be refiled, in light of the statute of limitations, section

287.430.[2] Employer and its insurer did not appeal from the Commission's decision.

Claimant refiled her claim for compensation on December 9, 1998. As in the original answer, employer and its insurer admitted that claimant sustained an accidental injury on or about January 7, 1993, "for which all necessary compensation benefits and medical have been provided." Employer and its insurer also asserted that claimant's claim was barred by limitations imposed by section 287.430. An ALJ set the case for a hearing solely on the issue regarding the statute of limitations. At the hearing, the parties agreed that the last payment on account of the injury was a medical benefit payment on May 9, 1995. The ALJ concluded that Missouri's savings statute, section 516.230, applied to workers' compensation claims and that the Division of Workers' Compensation had jurisdiction over the claim. On review, the Commission reversed the ALJ's award and concluded that section 516.230 did not apply. The Commission dismissed the claim because it was filed beyond the statute of limitations set forth in section 287.430. Claimant appeals raising two points.[3]

This court will modify, reverse, remand or set aside an award only if the Commission acted without or in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award or there was not sufficient competent evidence in the record to warrant the making of the award. Section 287.495. We review issues involving matters of law independently. *Cahall v.*

---

1. Eight CSR 50–2.010 sets forth procedures for non-contested and contested workers' compensation cases. Section (12)(A) of this regulation provides that "A Claim for Compensation may be voluntarily dismissed with or without prejudice at any time prior to the introduction of evidence at a hearing. The claim for compensation may be refiled by claimant so long as the statute of limitations has not run." The reason why the October 2, 1998 hearing occurred appears to be that the ALJ was unaware of claimant's voluntary dismissal filed prior to October 2, 1998.

2. A 1993 amendment to section 287.430 designated subsection 1 without changing the language at issue here and added a second subsection. All statutory references are to RSMo.1994 unless otherwise indicated.

3. Employer's motion to dismiss the appeal or in the alternative to strike claimant's brief is denied.

*Cahall,* 963 S.W.2d 368, 372 (Mo.App. E.D. 1998).

Claimant argues in her first point that the Commission erred in dismissing her claim based on the statute of limitations set forth in section 287.430 because she refiled her claim within one year of her voluntary dismissal and it was therefore "viable" under the savings statute, section 516.230. We disagree.

Section 287.430.1 provides in part as follows:

> Except for a claim for recovery filed against the second injury fund, no proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within two years after the date of injury or death, or the last payment made under this chapter on account of the injury or death, except that if the report of the injury or the death is not filed by the employer as required by section 287.380, the claim for compensation may be filed within three years after the date of injury, death, or last payment made under this chapter on account of the injury or death.... In all other respects the limitations shall be governed by the law of civil actions other than for the recovery of real property, but the appointment of a conservator shall be deemed the termination of the legal disability from minority or disability as defined in chapter 475, RSMo. The statute of limitations contained in this section is one of extinction and not of repose.

Section 516.230 provides in part as follows:

> If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, af-

ter a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed....

Employer filed a Report of Injury on January 11, 1993, and claimant originally filed her claim on January 10, 1994. The parties agreed that the last payment made on account of claimant's injury was May 9, 1995. After voluntarily dismissing her action September 29, 1998, claimant refiled her claim on December 9, 1998, more than two years after the last payment made on account of her injury. Under section 287.430, claimant had to file her claim within two years from the last date of payment on account of her injury unless, as claimant argues, section 516.230 applies to workers' compensation claims. *See Snow v. Sunbelt Systems Transport,* 813 S.W.2d 868, 871 (Mo. banc 1991); *Wild v. Trans World Airlines, Inc.,* 14 S.W.3d 166, 167 (Mo.App. W.D.2000).

Claimant contends that the following language in section 287.430, "In all other respects, the limitations shall be governed by the laws of civil actions" makes section 516.230 applicable for workers' compensation claims. According to claimant, she therefore could refile her claim within one year from the voluntary dismissal.

 By its language, the savings statute, section 516.230, only applies to actions commenced within the times prescribed in sections 516.010 to 516.370. *West v. Director of Revenue,* 996 S.W.2d 775, 777 (Mo.App. E.D.1999). The time to commence a claim for workers' compensation is set forth in sections 287.430 and 287.440 and not in sections 516.010 to 516.370.[4]

---

4. Section 287.440 provides "Where recovery is denied to any person in a suit brought at law or in admiralty to recover damages in respect of bodily injury or death on the ground that the person was an employee and the defendant was an employer subject to and within the meaning of this chapter, or when recovery is denied to any person in an action brought under the provisions of a workers' compensation law of any other state or jurisdiction on the ground that the person was an employee under and subject to the provisions of this chapter, the limitation of time prescribed in section 287.430 shall begin to run

Furthermore the limitation of section 516.230 is "reinforced" by section 516.300 which provides that, "The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." *Gill v. Farm Bureau Life Ins. Co.*, 856 S.W.2d 96, 99 (Mo.App. S.D. 1993). "Section 516.300 is designed to assure the Missouri general statute of limitations will not be injected into a cause of action that has its own built-in statute of limitations." *Thompson v. Crawford*, 833 S.W.2d 868, 871 (Mo. banc 1992).

The savings statute has been held inapplicable for workers' compensation claims.[5] *Wedemeier v. St. Louis Malleable Casting Co.*, 52 S.W.2d 569, 570 (Mo.App.1932). In that case, the court held that the "Compensation Act" has its own special statute of limitation and therefore "the statute saving the time in a case of a nonsuit does not apply, even if we treat the case as though the nonsuit in the action at law has actually been suffered." *Id.*

Claimant relies on *Welborn v. Southern Equipment Co.*, 395 S.W.2d 119 (Mo. banc 1965), in support of her argument. In *Welborn*, the employee's accident occurred on July 20, 1960 and no compensation was paid or medical aid provided by the employer until August 23, 1961. *Welborn*, 395 S.W.2d at 121. At that time section 287.430 RSMo.1959 had a one-year statute of limitation. *Id.* at 122–23. The court stated that the "primary" question was whether the furnishing of medical services by an employer to an employee after the one-year statute of limitation had run was a payment that revived the employee's claim for compensation and permitted it to be filed within one year thereafter. *Id.* at 120. The court recognized that distinctions had been made where the right or cause of action is not one of common law but is "the creature of a statute which also imposes the limitation." *Id.* at 123. "In such cases there is a tendency, not strictly followed in this state, to hold that the bringing of the suit within the time allowed is substantive and a condition to the maintenance of the action and that the lapse of the specified period after the cause of action accrues extinguishes the right or cause of action," whereas "general statutes of limitation quite uniformly are held to be statutes of repose or limitation only which do not extinguish the cause of action." *Id.* The court then stated:

> We need not concern ourselves too deeply, however, with this distinction because [section] 287.430 directly ties the limitation of compensation claims into our general statutes of limitation by this language: "In all other respects such limitations shall be governed by the law of civil actions other than for the recovery of real property, * * *." Section 516.100 of the general limitation statutes relating to personal actions provides that: "Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; * * *." Then follows [section] 516.110 to [section] 516.140 which lists the categories of civil actions and the periods within which they may be commenced.

*Id.* The court held that there was no legislative intent expressed in section 287.430 RSMo.1959 to extinguish completely a workers' compensation claim if not filed

from the date of the ultimate termination or abandonment of such suit or compensation proceeding, when such suit or compensation proceedings are filed within two years after the filing by the employer of the report of injury or death complained of, or in case payments have been made on account of the injury or death, within two years from the date of the last payment."

5. Section 516.230 has also been held not to apply to other causes of action with their own specifically prescribed statutes of limitation. *See, e.g., West*, 996 S.W.2d at 777; *Gill*, 856 S.W.2d at 98–99; *Boggs v. Farmers State Bank*, 846 S.W.2d 233, 234–36 (Mo.App. S.D. 1993); *Stine v. Kansas City Terminal Railway Co.*, 564 S.W.2d 619, 620–22 (Mo.App.1978).

within the period provided by the statute. *Id.* The court noted that workers' compensation benefits are in the nature of obligations or payments due under a contract and that, as "directed" by section 287.430, the court considered the general statutes of limitation and the legal effect of a payment on account of a debt or other obligation. *Id.* at 124. The court held that the payment made on account of the injury after the one-year period of limitation provided by section 287.430 had elapsed, revived the employee's claim and right of action and the claim filed within one year thereafter was timely. *Id.*

The court in *Welborn* based its holding on its finding that section 287.430 was then a statute of repose and not of extinction. In 1981, the legislature amended section 287.430 by adding the sentence, "The statute of limitations contained in this section is one of extinction and not of repose." The effect of this amendment on the holding in *Welborn* has been recognized. *Stoddard v. Wilson Freight, Inc.*, 651 S.W.2d 152, 157 n. 2 (Mo.App.1983). The amendment "apparently removes the basis for the revival rule" expressed in *Welborn. Id.* Claimant's reliance on *Welborn* is misplaced.[6]

Claimant admits that section 287.430, "as it addresses original filings," is a statute of extinction. Claimant asserts that she is not attempting to revive an extinguished claim but rather is exercising a right contained in section 287.430, "namely, the refiling of a claim within one year after the filing of a voluntary non-suit." However, section 287.430 makes no distinction between the original filing and refiling of a claim. The time limitation for filing a claim for compensation and applicable tolling provisions are specifically set forth in sections 287.430 and 287.440. To adopt claimant's argument, would be contrary to the plain meaning of section 287.430 and effectively render the language that the statute is one of extinction meaningless. Claimant's first point is denied.

Claimant argues in her second point that the Commission erred in finding that the ALJ's award was a reviewable final award disposing of the entire controversy between the parties. Claimant contends because the ALJ's award was not appealable to the Commission it could not dismiss her claim. In view of our holding that the claim in question is extinguished, we fail to see how claimant was aggrieved by the action of the Commission. We therefore decline to address a moot point.

The decision of the Commission is affirmed.

CLIFFORD H. AHRENS, P.J. and JAMES R. DOWD, J., Concur.

---

6. We have reviewed the other cases relied on by claimant and find them unpersuasive.